# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ARIGNA TECHNOLOGY LIMITED, | Case No. 2:21-cv-00172-JRG |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| BAYERISCHE MOTOREN WERKE AG, et al., | |
| Defendants. | |

## PARTIES' JOINT STATUS REPORT REGARDING THE FEDERAL CIRCUIT'S CONSOLIDATED OPINION IN *STRATOSAUDIO*

On February 2, 2022, this Court deconsolidated this case from Case No. 2:21-cv-00174 and stayed it "until the Federal Circuit issue[d] further guidance on the venue related issues raised" in *In re: Volkswagen Group of America, Inc.*, No. 22-108 (Fed. Cir. 2021) and *In re: Hyundai Motor America*, No. 22-109 (Fed. Cir. 2021). *See* Dkt. 179.

This Court's February 2, 2022 Order also instructed Plaintiff Arigna Technology Limited and Defendants Bayerische Motoren Werke AG ("BMW AG") and BMW of North America, LLC ("BMW NA") (collectively, "BMW") to file a Joint Status Report within seven days of the Federal Circuit's decision, notifying the Court of the Federal Circuit's opinions and setting forth their positions as to the impact these decisions have on the instant case. *See id.*

On March 9, the Federal Circuit issued a consolidated opinion vacating the district courts' orders finding that StratosAudio had established patent venue in the Western District of Texas with respect to defendants Volkswagen and Hyundai. *In Re: Volkswagen Group of America, Inc.*, No. 2022-108, slip op. (Fed. Cir. Mar. 9, 2022); *In Re: Hyundai Motor America*, No. 2022-09, slip op. (Fed. Cir. Mar. 9, 2022) (collectively hereinafter "*StratosAudio*") (Ex. A).

The parties accordingly submit this Joint Status Report.

1

I.      **Plaintiff's Position**

*StratosAudio* does not disrupt Judge Payne's January 18, 2022 Report and Recommendation in co-pending case *Arigna I*, which found that Arigna carried its burden to establish a prima facie case that the BMW Centers in this District are agents of BMW NA and that BMW has ratified the Centers as place of business of BMW.[1] *See Arigna Tech. Ltd. v. Volkswagen AG*, No. 2:21-cv-00054 (E.D. Tex. Jan. 18, 2022) ("*Arigna I*") Dkt. 415 (Report and Recommendation); *see also Blitzsafe Tex., LLC v. BMW AG*, 2:17-CV-00418-JRG, 2018 WL 4849345 (E.D. Tex. Sept. 6, 2018) (finding that venue was proper as to BMW NA in this District) (available at Dkt. 144-2).

*StratosAudio* does not change the settled law that Judge Payne correctly applied in his Report and Recommendation finding that venue is proper with respect to BMW in this District. Importantly, and contrary to what BMW has argued throughout these proceedings, *StratosAudio* does **not** hold that venue is improper as a matter of law because BMW NA and its BMW Centers are separate corporate entities. Instead, *StratosAudio* merely held that the plaintiff in those actions had failed to carry its burden of proving agency and thereby establishing venue as to different car distributors, on different facts and legal theories, concerning different car dealerships, in a different judicial District entirely. *See StratosAudio* at 17-18. Because "each case depends on its own facts," *In re Cray Inc.*, 871 F.3d 1355, 1362 (Fed. Cir. 2017), the plaintiff's failure to carry its burden in *StratosAudio* is not dispositive here, where Arigna presented different and more fulsome evidence concerning the relationship between BMW and its dealerships.

Arigna proposes the Court proceed as follows. *First*, the Court can and should adopt,

---

[1] This Court granted the parties' Agreed Motion for Partial Stay of Briefing Schedule on Defendants' Motions to Dismiss, including BMW's motion to dismiss for improper venue, until the *Arigna I* Court's resolution of the "substantially similar motions pending in [*Arigna I*]." Dkt. 33 at 1.

2

without additional briefing in this case, Judge Payne's January 18 Report and Recommendation in *Arigna I* holding that Arigna had carried its burden to prove venue is proper in this District as to BMW NA. That is because Judge Payne correctly found that Arigna—unlike the plaintiff in *StratosAudio*—carried its burden to show venue is proper here. As stated above, Judge Payne found both that (1) Arigna had marshaled ample evidence establishing interim control and thus agency between BMW NA and its BMW Centers, and (2) BMW NA had failed to contest such evidence under Rule 12(b)(3), such that "these facts are **undisputed evidence** in the record regarding venue." *Arigna I*, Dkt. 415 at 12 (emphasis added). In short, BMW should not be permitted a redo, when the undisputed evidence in the record is sufficient to find venue proper as to BMW NA.

Second, if the Court desires additional briefing as to why Arigna has carried its Rule 12(b)(3) burden in light of *StratosAudio*—even when the plaintiff in those actions fell short—Arigna proposes that the parties submit simultaneous, 10-page briefs to address the record evidence and prior briefing in this case in light of the guidance provided in *StratosAudio*.

Arigna's brief would focus on two critical distinguishing features. Arigna would first highlight the well-pleaded allegations and record evidence that Arigna submitted but was missing in *StratosAudio*—including for example, that BMW NA "dictate[s] the steps the [dealerships] must take to complete tasks," controls "the hours of operation," "require[s] the [dealerships] to implement procedure to maintain customer satisfaction," and provides "in-person training" in the subject dealerships. *Cf. Arigna I*, Dkt. 415 at 11. As another example, whereas "Stratos [did] not allege that HMA's business includes providing consumers third-party parts or warranty service," *StratosAudio* at 15-16 n.6, Arigna alleged exactly that and argued that such facts independently support venue. *See Arigna I*, Dkt. 244 at 17-20. This Court arrived at the same conclusion in

3

*Blitzsafe*. *See* 2018 WL 4849345, at *8-12 (Texas "considers BMWNA to engage in business within this state" at its Centers through its "direct[] or indirect[] reimburse[ments]" for "warranty repair services"). These and other undisputed facts demonstrate that Arigna has carried its burden to prove interim control and thus venue via an agency theory. *See Arigna I*, Dkt. 244 at 2-3, 10-13, 17-20; *Arigna I*, Dkt. 415 at 12 (finding such evidence undisputed).

Supplemental briefing also would highlight Arigna's additional allegations and evidence, which were not present in *StratosAudio*, and which provide independent bases to hold venue is proper in this District as to BMW NA. Such facts include Judge Payne's express findings concerning BMW NA's ratification of the BMW Centers as BMW's places of business. For example, it is undisputed that "(1) BMW 'approves the location' of all Center Facilities, and (2) the Centers must operate 'exclusively' at the designated Facilities.'" *Arigna I*, Dkt. 415 at 13-20; *see also Blitzsafe*, 2018 WL 4849345 (finding venue under this theory as to BMW); *Andra Grp., LP v. Victoria's Secret Stores*, L.L.C., 6 F.4th 1283, 1289 (Fed. Cir. 2021) (holding that ratification is separate "venue theory" by which a plaintiff may establish the second *Cray* factor).

Equally important, such facts also would include additional undisputed evidence that Judge Payne did not (and did not need to) consider in the *Arigna I* Report and Recommendation. As Arigna alleged, **BMW NA has its own employees who carry out BMW NA's business at the BMW Centers in this District.** *Arigna I*, Dkt. 244 at 17 & n.10, 20 (presenting evidence that BMW employees live in Texas and travel to dealerships to provide training and instruction). Such well-pleaded allegations and undisputed evidence independently distinguish *StratosAudio* and make it unnecessary to even reach the agency question in this case, because under *Google*, a plaintiff merely needs to show the existence of defendant's "employees" or "agents" regularly carrying out the defendant's business from regular and established places of business in this

District. *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020).

Here, and unlike in *StratosAudio*, Arigna has established the existence of both employees and agents regularly conducting business at the dealerships—either of which is sufficient to find venue. *See StratosAudio* at 8.

<u>Third</u>, if the Court were to determine that Arigna has not carried its Rule 12(b)(3) burden based on the present record, whether because of the guidance provided by *StratosAudio* or otherwise, BMW should be ordered to (a) respond to Arigna's venue discovery; and (b) present its venue declarant for deposition. *Cf. Trintec Indus., Inc. v. Pedre Promotional Prod., Inc.*, 395 F.3d 1275, 1282–83 (Fed. Cir. 2005) (plaintiff is "entitled to jurisdictional discovery" if record insufficient to determine jurisdiction); *St. Croix Surgical Sys., LLC v. Cardinal Health, Inc.*, 2018 WL 9869367 (E.D. Tex. Feb. 28, 2018) (denying motion without prejudice and ordering venue discovery within 60 days).

In *Arigna I*, Arigna and BMW conferred regarding venue discovery on May 11, 2021. *Arigna I*, Dkt. 147 at 5; 147-1 ¶ 3. Although BMW initially stated that it did not oppose venue discovery, it strategically and categorically refused to consent to such discovery, stating instead that BMW would oppose venue discovery until after BMW had responded to Arigna's "two additional lawsuits on the same venue issues," including this case. *Id.* Arigna sent BMW a draft motion for leave, proposed order, and draft venue-discovery requests on May 17. *Id.* Rather than consent to respond to such requests, BMW unilaterally limited the venue record by cherry-picking the BMW documents it chose to produce to Arigna, by refusing to answer Arigna's proposed interrogatories concerning the business conducted by its employees and agents at the BMW Centers in this District, and by refusing to present its venue declarant for deposition even regarding those untested assertions that BMW purports to rely on to defeat venue. *See id.* ¶¶ 3, 10; *see, e.g.*,

5

*Arigna I*, Dkt. 147-7 (draft discovery requesting the production of "Documents sufficient to show, for each Eastern District BMW Center, the dates and names of all BMW employees, officers, and directors who visited or otherwise conducted business from the BMW Center, between January 2015 and present.").

If BMW argues that Arigna has somehow failed to carry its Rule 12(b)(3) burden, then BMW cannot simultaneously withhold the discovery that would confirm that venue is proper in this District. *See St. Croix*, 2018 WL 9869367, at *1 (ordering venue discovery where plaintiff argued that defendant "has not been forthcoming about its corporate structure").[2] For one thing, jurisdictional discovery is standard in this Circuit. *See, e.g.*, *Trintec*, 395 F.3d at 1282–83 (plaintiff is "entitled to jurisdictional discovery"). For another, because BMW raised Rule 12(b)(3) as a defense in this case, the Discovery Order required BMW to provide discovery "relevant to the pleaded claims or defenses involved in this action." Dkt. 125 ¶ 3

Indeed, although BMW had argued that such discovery was futile as a matter of law, *StratosAudio* reaffirms both that Arigna's venue theories are legally sound and that venue is a fact-specific inquiry that depends on the facts present in each case. *See StratosAudio* at 17. Should there be any question remaining on the facts in the record, the Court should order BMW to respond Arigna's May 17, 2021 discovery within 21 days, and then make its venue declarant available for deposition on a mutually agreeable date within 14 days after responding to the written discovery. *See Arigna I*, Dkt. 147-1 ¶¶ 3, 10; *Arigna I*, Dkt. 147-7.

---

[2] Because Judge Payne found that Arigna has already carried its Rule 12(b)(3) burden on the present record—much of which was "undisputed" in Arigna's favor—there was no need for the Court to order BMW to respond to Arigna's venue discovery requests. *See Arigna I*, Dkt. 244 at 25 (requesting that "[i]f the Court does not deny BMW's motion outright, Arigna respectfully requests the Court, in the alternative, to deny the motion without prejudice until after BMW produces a witness and responds to Arigna's venue discovery").

## II. BMW'S POSITION—IMPROPER VENUE JUSTIFIES DISMISSAL

In *StratosAudio*, the Federal Circuit held that the presence of independently owned and operated automobile dealerships could not be used to establish venue over non-resident automobile distributors, concluding "that the district court clearly abused its discretion in failing to properly apply established agency law and reaching a patently erroneous result." *StratosAudio* at 2. This is the exact venue issue here—indeed, the Federal Circuit cited this case in the context of resolving "disagreement among district courts on the recurring issue of whether independent car dealerships are sufficient to establish venue over car distributors." *Id.* at 5. Accordingly, the Federal Circuit has provided binding, precedential guidance that the contractual relationship between automotive dealerships and distributors is not sufficient to establish venue, and that district courts should apply venue law in that context "in accord with a near uniform body of case law finding that similar contractual provisions or allegations of control fail to show that independent dealerships are agents of vehicle manufacturers or distributors." *Id.* at 15. Accordingly, this case should be dismissed.

### A. *StratosAudio* Confirms Venue Based on Dealerships is Improper

In *StratosAudio*, the Western District of Texas found venue over automobile distributors based on the locations of independently owned and operated local dealerships. *Id.* at 2-3. The Federal Circuit vacated that finding, holding "that the dealerships located in the Western District do not constitute regular and established places of business of Volkswagen and Hyundai under § 1400(b) because Stratos has failed to carry its burden to show that the dealerships are agents of Volkswagen or Hyundai under a proper application of established agency law." *Id.* at 7. Specifically, the Federal Circuit said that the question of venue based on automotive dealerships "boils down to three issues," all of which must be satisfied to find venue in this context:

> (1) whether the dealerships are the agents of Petitioners; (2) whether the dealerships conduct Petitioners' business; and (3) whether Petitioners have ratified the dealerships as Petitioners' places of business.

7

*Id.* at 7.³

Like Arigna, Stratos argued that franchise agreements between distributors and the independent dealerships created an agency relationship sufficient to establish venue. The Federal Circuit analyzed the terms of the agreements in detail and found that contractual provisions for the dealers to do the following were not sufficient to establish the dealerships as agents for conducting the distributors' business of (i) selling cars to consumers and (ii) providing warranty services:

> (1) employ certain types of employees, such as a general manager, and service and sales staff; (2) maintain a minimum amount of inventory; (3) perform warranty work on consumer vehicles; (4) use specified tools when performing warranty and maintenance work; (5) use distributor-approved computer hardware and software; (6) comply with the distributors' standards regarding dealership appearance and use of signs and brand logos; (7) comply with the distributors' working capital requirements; and (8) attend mandatory training sessions (Hyundai) or require staff to have certain training certifications (Volkswagen).

*Id.* at 12.⁴ In determining that distributor-dealer franchise agreements—like those at issue here—could not establish agency and support proper venue, the Federal Circuit focused on a lack of "interim control" under those agreements because the "power to give interim instructions distinguishes principals in agency relationships from those who contract to receive services by persons who are not agents." *See id.* at 8-9 (citation omitted). As the Federal Circuit explained, the "fact that such an agreement imposes constraints on the [dealer] does not mean that the [distributor] has an interim right to give instructions to the [dealer]. Thus, setting standards in an agreement for acceptable service quality does not of itself create a right of control." *Id.* at 10.

Specifically, the Federal Circuit determined that "the cited contractual provisions fail to give Petitioners 'interim control' over either the dealerships' car sales or warranty work."

---

³ The Federal Circuit found venue improper because Stratos—like Arigna—could not carry its burden to show dealers were agents of distributors, and thus did not reach the other two requirements. *See id.* at 7-8, n.3.

⁴ *See also id.* at 12, 12 n.1 (further finding that "[distributors]' conditional ability to terminate the agreements" and requirements to use approved "stationery and business forms, and to keep brochures on hand and display them as dictated . . . do not alter our [venue] analysis . . . .").

8

*StratosAudio* at 13. Regarding vehicle sales, Stratos failed to show that the distributors "maintain influence over the sales process once they have sold a car to a dealership. Once the cars leave Petitioners' possession, Petitioners 'retain[] no authority over the manner in—or price for—which the [car] will be [sold].'" *Id.* Regarding warranty, "the contractual provisions require the dealerships to perform warranty services, which are reimbursed by Petitioners, or require the dealerships to keep certain parts on hand and use certain tools when performing repairs. But Stratos fails to cite any language giving Petitioners control over how the dealerships perform warranty services once those parameters are set." *Id.* at 15-16. Therefore, the distributors' "lack of 'interim control' over how the dealerships perform warranty work again precludes a finding that the dealerships are Petitioners' agents for warranty services." *Id.* BMW NA similarly does not have interim control over the dealerships here. *See, e.g.,* Dkt. 28-1 at ¶ 16 (explaining that, among other things, BMW NA does not hire, manage, or pay dealership employees, does not determine dealership inventory, and does not set dealership prices for products or services).

The Federal Circuit also addressed other issues relevant to the venue analysis in this case. <u>First</u>, the express disavowal of an agency relationship in the franchise agreements "further bolstered" its holding. *StratosAudio* at 14. <u>Second</u>, the *StratosAudio* decision "is further in accord with a near uniform body of case law finding that similar contractual provisions or allegations of control fail to show that independent dealerships are agents of vehicle manufacturers or distributors." *Id.* at 15. <u>Third</u>, "just because a party may be a principal's agent for a particular purpose does not mean that the party is the principal's agent for another." *Id.* at 9.

      B.    *StratosAudio* **Disposes of Arigna's Venue Arguments**

The Federal Circuit's analysis demonstrates that Arigna cannot establish venue over BMW NA in this case because BMW NA does not have "interim control" over (1) dealer sales to consumers or (2) dealer warranty work and service. *See StratosAudio* at 13. Arigna's Complaint

9

includes apparent venue allegations in paragraphs 2-17. Dkt. 1, ¶¶ 2-17. Arigna points to three independently owned and operated dealers that sell BMW-branded vehicles. *Id.* Arigna alleges, generally, that venue is proper based on certain employment, inventory, warranty, advertising, marketing, and training activities of the independent dealers. *Id.* None of Arigna's pleaded venue allegations amount to "interim control" over the dealerships' day-to-day vehicle sales or warranty service, as *StratosAudio* explained is required to establish agency in this context.

Importantly, "'the most significant factor to consider is the degree of control that the franchisor maintains over the daily operations of the franchisee . . . .'" *StratosAudio* at 11. Here, Arigna cannot plausibly plead that BMW NA exerts venue-establishing control over the day-to-day activities of the independent dealerships because, once BMW NA sells vehicles to the dealerships, the dealerships completely control how they sell and perform service on vehicles. *See* Dkt. 28 at 21; Dkt. 28-1 at ¶ 16. Thus, just like the distributors in *StratosAudio*, BMW NA does not have the right to control the day-to-day operations of the dealers.[5] *This is true for each and every sales- and service- based allegation Arigna relies on for purposes of venue in this case.* BMW NA's agreements with dealers make express the dealers' complete independence from BMW. BMW NA does **not**, and **cannot**, control (1) when, where, how, and to whom dealers market and sell vehicles and (2) how dealers market or provide any specific service or product to customers, including warranty services. *See* Dkt. 28-1.[6]

---

[5] And BMW NA cannot have interim control over any dealer's day-to-day operations because Texas law prohibits it. *See StratosAudio* at 13 (noting the argument based on prohibition under Texas law by citing Tex Occ. Code Ann. § 2301.476(c)(2), without deciding the issue).

[6] Supporting improper venue here—like it did in *StratosAudio*—BMW NA's agreements with dealers expressly disclaim an agency relationship. The agreements expressly state that dealers are independent businesses. Dkt. 28 at 21. The agreements do not authorize a dealer to act on behalf of BMW NA or require a dealer to act subject to BMW NA's control. Dkt. 28-1 at ¶ 5.

10

In sum, even accepting as true Arigna's characterizations of the dealers' activities relative to their agreements with BMW NA, Arigna must show that BMW NA has interim, day-to-day control over how the dealers conduct those activities, including the right to provide "interim instructions." Arigna cannot do so, and to find such control based on the agreements between BMW NA and the dealerships would be "patently erroneous."

### C. The Court Should Dismiss This Case Based on Improper Venue

Venue is improper as to BMW NA, so BMW AG and BMW NA must be dismissed under Fed. R. Civ. P. 19 because they are required to be joined as indispensable parties in this action. Arigna pleaded as much in suing both entities in the same action because of joint or several liability and common questions of fact. Dkt. 1, ¶ 22. Also, both BMW AG and BMW NA must be dismissed because venue must be proper "as to **all** defendants." *AGIS Software Development, LLC v. ZTE Corp. et al.*, 2018 WL 4854023, at *4 (E.D. Tex. Sept. 28, 2018) (emphasis added).

Moreover, judicial economy does not support keeping BMW AG alone in this case. *First*, both BMW AG and BMW NA filed a Declaratory Judgment action in the Eastern District of Virginia against Arigna concerning the '850 patent. Case No. 1-22-cv-00277, Dkt. 1 (E.D. Va. Mar. 15, 2022). Thus, the interests of justice and judicial economy are served by dismissal of both BMW AG and NA under 28 U.S.C. § 1406—the E.D. Va. has jurisdiction to award complete relief among BMW AG, BMW NA, and Arigna, unlike here, if the Court were to dismiss BMW NA only. *Second*, even though Arigna has asserted the same patents in separate cases against other defendants in this Court, the accused devices *in this case* require different noninfringement analyses because the accused device allegedly within BMW's vehicles are structurally different and are of different manufacture than any other defendant. *Compare*, *e.g.*, Dkt. 1, ¶ 34 *with Arigna Technology Limited v. General Motors LLC et al.*, Case No. 2-21-cv-00174, Dkt. 1, ¶¶ 67, 81, 95 (E.D. Tex. May 20, 2021). *Third*, this case is not in an advanced state because fact discovery has

11

not concluded and no depositions have been taken. Accordingly, this case should be dismissed for improper venue so the parties' dispute can be fully and completely resolved in the E.D. Va.

Dated: March 17, 2022                                   Respectfully submitted,

| | |
|---|---|
| /s/ Matthew R. Berry | /s/ Lionel M. Lavenue (with permission) |
| Matthew R. Berry | Lionel M. Lavenue |
| Rachel S. Black | Virginia Bar No. 49,005 |
| Andres Healy | FINNEGAN, HENDERSON, FARABOW, |
| John E. Schiltz | GARRETT & DUNNER, LLP |
| Steven M. Seigel | 1875 Explorer Street, Suite 800 |
| Nicholas Crown | Reston, VA 20190-6023 |
| Danielle Nicholson | Phone: (571) 203-2700 |
| Emily A. Parsons | Fax: (202) 408-4400 |
| **SUSMAN GODFREY L.L.P.** | |
| 1201 Third Avenue, Suite 3800 | Michael Aragon |
| Seattle, WA 98101-3000 | FINNEGAN, HENDERSON, FARABOW, |
| Phone: (206) 516-3880 | GARRETT & DUNNER, LLP |
| Fax: (206) 516-3883 | 901 New York Ave., NW |
| mberry@susmangodfrey.com | Washington, D.C. 20001 |
| rblack@susmangodfrey.com | Phone: (202) 408-4000 |
| ahealy@susmangodfrey.com | Fax: (202) 408-4400 |
| jschiltz@susmangodfrey.com | |
| sseigel@susmangodfrey.com | |
| ncrown@susmangodfrey.com | ***ATTORNEYS FOR DEFENDANTS*** |
| dnicholson@susmangodfrey.com | ***BMW OF NORTH AMERICA, LLC and*** |
| eparsons@susmangodfrey.com | ***BAYERISCHE MOTOREN WERKE AG*** |
| | |
| Meng Xi | |
| **SUSMAN GODFREY L.L.P.** | |
| 1000 Louisiana Street, Suite 5100 | |
| Houston, TX 77002 | |
| Phone: (713) 651-9366 | |
| Fax: (713) 653-7851 | |
| mxi@susmangodfrey.com | |

*Of Counsel:*

T. John Ward, Jr.
Texas State Bar No. 00794818
Claire Abernathy Henry
Texas State Bar No. 24053063
Charles Everingham IV

12

Texas State Bar No. 00787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Phone: (903) 757-6400
Fax: (903) 757-2323
jw@wsfirm.com
claire@wsfirm.com
ce@wsfirm.com

*Attorneys for Arigna Technology Limited*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served on the parties to this action by electronically filing true and correct copies with the Clerk of the Court using the ECM/ECF system which automatically sent notification by e-mail of such filing to the counsel of record on this 17th day of March, 2022.

*/s/ Matthew R. Berry*