**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ARIGNA TECHNOLOGY LIMITED, | Case No. 2:21-cv-00054-JRG-RSP |
| Plaintiff, | |
| | JURY TRIAL DEMANDED |
| vs. | |
| VOLKSWAGEN AG, et al., | |
| Defendants. | |
| | Case No. 2:21-cv-00172-JRG |
| ARIGNA TECHNOLOGY LIMITED, | |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | |
| BAYERISCHE MOTOREN WERKE AG, et al., | |
| Defendants. | |
| | Case No. 2:22-cv-00034-JRG |
| ARIGNA TECHNOLOGY LIMITED, | |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | |
| HONDA MOTOR CO., LTD., et al., | |
| Defendants. | |

**PLAINTIFF'S OMNIBUS MOTION FOR RECONSIDERATION OF**
**ORDERS GRANTING MOTIONS TO DISMISS FOR IMPROPER**
**VENUE WITH RESPECT TO FOREIGN DEFENDANTS**
**[-054, DKT. 468; -172, DKT. 188; -034, DKT. 20]**

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................................1

II.     BACKGROUND ...................................................................................................................1

III.    ARGUMENT .........................................................................................................................3

IV.     CONCLUSION.......................................................................................................................7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AGIS Software Development, LLC v. ZTE Corporation,*
No. 2:17-cv-00517-JRG, 2018 WL 4854023 (E.D. Tex. Sept. 18, 2018) ...........................5, 6

*Campinha-Bacote v. Bleidt,*
No. H-10-3481, 2011 WL 679913 (S.D. Tex. Feb. 9, 2011) .....................................................4

*DeJohn v. The .TV Corp. Intern.,*
245 F. Supp. 2d 913 (N.D. Ill. 2003) ......................................................................................7

*E.E.O.C. v. Hi-Line Elec. Co.,*
805 F. Supp. 2d 298 (N.D. Tex. 2011) ....................................................................................4

*Empty Barge Lines II, Inc. v. DREDGE LEONARD FISHER,*
441 F. Supp. 2d 786 (E.D. Tex. 2006) ....................................................................................5

*Funimation Entmt. v. Does 1-1,427,*
No. 2:11-cv-00269-JRG, 2013 WL 5200453 (E.D. Tex. Sept. 16, 2013) ...............................6

*Gilmour v. Blue Cross & Blue Shield of Ala.,*
No. 4:19-cv-160-SDJ, 2021 WL 1196272 (E.D. Tex. Mar. 30, 2021) ...................................3

*Gonzalez-Camacho v. Banco Popular de Puerto Rico,*
318 F. Supp. 3d 461 (D.P.R. 2018) ..........................................................................................7

*In re Benjamin Moore & Co.,*
318 F.3d 626 (5th Cir. 2002) ...................................................................................................3

*In re HTC Corp.,*
889 F.3d 1349 (Fed. Cir. 2018) ............................................................................................1, 4

*In re Volkswagen,*
28 F.4th 1203 (Fed. Cir. 2022) ............................................................................................2, 4

*Indymac Mortgage Holdings, Inc. v. Reyad,*
167 F. Supp. 2d 222 (D. Conn. 2001) ......................................................................................7

*Kilgore v. FedEx Packaging Sys., Inc.,*
No. H-11-0060, 2011 WL 5563427 (S.D. Tex. Nov. 15, 2011) .............................................6

*Kimball v. Fla. Bar,*
537 F.2d 1304 (5th Cir. 1976) .................................................................................................7

*Luminati Networks Ltd. v. BIScience Inc.*,
  No. 2:18-cv-00483-JRG, 2019 WL 2084426 (E.D. Tex. May 13, 2019) ............................1, 4

*Magnacoustics, Inc. v. Resonance Tech. Co*.,
  1997 WL 592863 (Fed. Cir. 1997) ...................................................................................5, 6

*Mills v. Beech Aircraft Corp., Inc*.,
  886 F.2d 758 (5th Cir. 1989) ...............................................................................................5

*Montwood Property, Ltd. v. Residential Funding Corp*.,
  No. EP-14-CV-00325, 2016 WL 7616689 (W.D. Tex. June 2, 2016) ................................4, 8

*PI, Inc. v. Quality Products, Inc.*,
  907 F. Supp. 752 (S.D.N.Y. 1995) .......................................................................................7

*Rothschild Connected Devices Innovations, LLC v. ADS Sec. L.P.*,
  No. 2:15-cv-01431-JRG-RSP, 2019 WL 5960206 (E.D. Tex. Nov. 12, 2019) ......................3

*Spears v. McCraw*,
  No. 1:17-cv-1105-RP, 2020 WL 21114386 (W.D. Tex. May 4, 2020) ..................................3

*WesternGeco LLC v. ION Geophys.Corp.*,
  No. 4:09-cv-1827, 2012 WL 1708852 (S.D. Tex. May 15, 2012) .........................................4

*Woodard v. Mobil Corp. Emp. Severance Plan*,
  No. H-02-4970, 2005 WL 6439537 (S.D. Tex. Apr. 11, 2005)...........................................4, 7

*Yazdchi v. JP Morgan Chase Bank*, N.A.,
  No. H-15-121, 2016 WL 4097142 (S.D. Tex. Aug. 2, 2016) .................................................4

**Statutes**

28 U.S.C. § 1391(c) ................................................................................................. *passim*

28 U.S.C. § 1400(b) ................................................................................................. *passim*

28 U.S.C. § 1404(a) .............................................................................................................5

28 U.S.C. § 1406(a) .............................................................................................................5

**Rules**

Fed. R. Civ. P. 19 ................................................................................................................7

Fed. R. Civ. P. 21 ................................................................................................................6

Fed. R. Civ. P. 54(b) ...........................................................................................................3

Fed. R. Civ. P. 59(e) .........................................................................................................3, 4

**Treatises**

7 Fed. Prac. & Proc. Civ. § 1689 (Wright & Miller) (3d ed.)............................................................6

14D Fed. Prac. & Proc. Juris. § 3827 (Wright & Miller) (4th ed.)..................................................6

## I.    INTRODUCTION

Plaintiff Arigna Technology Limited ("Arigna") respectfully moves the Court to reconsider its April 27 and 28, 2022 Orders granting Defendants' motions to dismiss for improper venue under 28 U.S.C. § 1400(b) on one limited ground. -054, Dkt. 468; -172, Dkt. 188; -034, Dkt. 20.[1]

Arigna believes that the Court erred in dismissing the four foreign Defendants—BMW AG, Daimler AG, Honda Motor Co. Ltd., and Volkswagen AG. The Court's Orders each found improper venue as to certain *domestic* Defendants under § 1400(b), but then dismissed *both* the domestic Defendants *and* the foreign Defendants for which venue was indisputably proper under § 1391(c)(3). *See* -054, Dkt. 468 at 2-3; -172, Dkt. 188 at 2; -034, Dkt. 20 at 2. In fact, none of the motions to dismiss for improper venue argued that venue was improper as to the foreign Defendants. *See* -054, Dkts. 138 (Volkswagen), 213 (BMW), 230 (Mercedes); -172, Dkts. 25 (BMW), 56 (Honda).

As both this Court and the Federal Circuit have recognized, foreign defendants are subject to venue "in *any* judicial district," including this one, because § 1400(b) does not apply to them. *Luminati Networks Ltd. v. BIScience Inc.*, No. 2:18-cv-00483-JRG, 2019 WL 2084426, at *7 (E.D. Tex. May 13, 2019) (emphasis added); *In re HTC Corp.*, 889 F.3d 1349, 1356-61 (Fed. Cir. 2018). Arigna thus requests that the Court vacate its Orders of dismissal as to the four foreign Defendants.

## II.    BACKGROUND

Arigna has sued Defendants for infringing U.S. Patent Nos. 7,397,318 (-054 Action)[2] and

---

[1] The Court's -054 Order (Dkt. 468) dismissed Arigna's claims against BMW AG and BMW of North America, LLC ("BMW"); Daimler AG and Mercedes-Benz USA, LLC ("Mercedes"); and Volkswagen AG and Volkswagen Group of America, Inc. ("Volkswagen"). The Court's -172 Order (Dkt. 188) dismissed additional claims against BMW. And the Court's -034 Order dismissed Arigna's claims against Honda Motor Co. Ltd. and American Honda Motor Co. ("Honda").

[2] Arigna's -054 Complaint also alleges that certain Defendants infringe U.S. Patent No. 8,247,867.

8,049,850 (-172 and -034 Actions). *Arigna v. Volkswagen AG, et al.*, 2:21-cv-00054-JRG ("-054"),

Dkt. 182 (Compl.); *Arigna v. BMW AG, et al.*, 2:21-cv-00172-JRG ("-172"), Dkt. 1 (Compl.);

*Arigna v. Honda Motor Co., Ltd.*, *et al.*, No. 2:22-cv-00034-JRG ("-034") (severed portion of -172

Action).

At various stages in these actions, the *domestic* BMW, Honda, Mercedes, and Volkswagen

Defendants moved to dismiss for improper venue under § 1400(b). -054, Dkts. 138 (Volkswagen),

213 (BMW), 230 (Mercedes); -172, Dkts. 25 (BMW), 56 (Honda). The proffered rationale was

narrow: that the named *domestic* Defendants were not incorporated in this district and did not have

a "regular and established place of business" here. -054, Dkt. 213 at 3-23, Dkt. 230 at 5-14, Dkt.

138 at 13-25; -172, Dkt. 25 at 1 n.1, Dkt. 56 at 11-22. Importantly, Defendants did not challenge

venue against any of the *foreign* Defendants under 28 U.S.C. § 1391(c)(3). *Id*.

Before ruling on these motions, the Court stayed each action pending the Federal Circuit's

decision in *In re Volkswagen*, 28 F.4th 1203 (Fed. Cir. 2022). *See* -054, Dkt. 464; -172, Dkt. 179.

That appeal addressed whether venue was proper under § 1400(b) as to *domestic* subsidiaries based

on their operation of independently owned car dealerships in the district. 28 F.4th at 1205

(addressing venue as to Volkswagen Group of America, Inc. and Hyundai Motor America only).

The appeal had nothing to do with, and did not affect, venue as to foreign defendants under

§ 1391(c). *See generally id*.

On April 27 and 28, 2022, based on "the Federal Circuit's guidance in *In re Volkswagen*,"

the Court held that venue as to the *domestic* Defendants—BMW NA, American Honda Motor Co.,

MBUSA, and Volkswagen Group of America, Inc.—was lacking. -054, Dkt. 468 at 2; -172, Dkt.

188 at 2; -034, Dkt. 20 at 2. The Court's Orders never addressed venue as to the foreign

Defendants, since no venue arguments had been raised for those Defendants, and never suggested

2

that dismissal of the domestic Defendants for improper venue necessitated dismissal of the foreign Defendants. *Id*. In fact, the Orders never substantively addressed the foreign Defendants. *Id*.

Nevertheless, the concluding paragraph of each Order listed the foreign Defendants among those Defendants being dismissed. -054, Dkt. 468 at 3 (dismissing "the claims between Arigna and Defendants BMW of North America, LLC, Bayerische Motoren Werke AG, Mercedes Benz USA, LLC, Daimler AG, Volkswagen Group of America, Inc., and Volkswagen AG"); -172, Dkt. 188 at 2 (dismissing "the claims between Arigna and Defendants BMW of North America, LLC and Bayerische Motoren Werke AG"); -034, Dkt. 20 at 2 (dismissing "the claims between Arigna and Defendants Honda Motor Co., Ltd. and American Honda Motor Company, Inc.").

Arigna believes the inclusion of the foreign Defendants in each dismissal was likely inadvertent and seeks to correct that oversight.

## III. ARGUMENT

When, as here, a motion for reconsideration is filed within 28 days of the challenged order, the court evaluates the motion under Rule 59(e). *Rothschild Connected Devices Innovations, LLC v. ADS Sec. L.P.*, No. 2:15-cv-01431-JRG-RSP, 2019 WL 5960206, at *1 (E.D. Tex. Nov. 12, 2019).[3] Reconsideration under Rule 59(e) is proper to, among other ends, "correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002). Courts employ Rule 59(e)'s "clear error" prong to correct misapplications of law,[4] consider

---

[3] Although the Court has not entered a final judgment, "it end[ed] or close[d] the [-054, -172, and -034 Actions] by dispositively adjudicating all claims as to all [remaining] parties" after severing the rest. *Gilmour v. Blue Cross & Blue Shield of Ala*., No. 4:19-cv-160-SDJ, 2021 WL 1196272, at *4 (E.D. Tex. Mar. 30, 2021); *see Spears v. McCraw*, No. 1:17-cv-1105-RP, 2020 WL 21114386, at *2-3 (W.D. Tex. May 4, 2020). If the Court determines that reconsideration instead is governed by Rule 54(b), that more lenient standard likewise is met. *See id.* (Rule 54(b) is "more flexible" and operates "as justice requires").

[4] *Yazdchi v. JP Morgan Chase Bank*, N.A., No. H-15-121, 2016 WL 4097142, at *2-3 (S.D. Tex. Aug. 2, 2016) (granting reconsideration of order premised on incorrect application of jurisdictional

additional statutory or case law,[5] or address issues that were simply overlooked.[6] *E.g.*, *E.E.O.C. v. Hi-Line Elec. Co.*, 805 F. Supp. 2d 298, 303 (N.D. Tex. 2011) (granting reconsideration for "clear error of law" where court did not consider certain statutes and precedent).

Although likely inadvertent, the Court committed a clear error of law when it dismissed the foreign Defendants—BMW AG, Daimler AG, Honda Motor Co. Ltd., and Volkswagen AG— for improper venue. For the reasons explained below, the Court should reconsider and vacate the dismissal of the foreign BMW, Honda, Mercedes, and Volkswagen Defendants in the -054, -172, and -034 cases.

***First***, each foreign Defendant is subject to venue in "*any* judicial district" under § 1391(c)(3). *Luminati Networks Ltd.*, 2019 WL 2084426, at *7 (emphasis added). Neither § 1400(b) nor *In re Volkswagen* "upend[ed] the centuries-old understanding that the venue laws"— particularly § 1391(c)(3)—"do not restrict the location of suits against alien defendants." *In re HTC Corp.*, 889 F.3d at 1356-57. As this Court has held, the foreign Defendants thus "*cannot contest venue*." -054, Dkt. 415 (R&R of Payne, J.) at 4 n.1 (emphasis added) ("BMW AG cannot contest venue because a foreign corporation is subject to venue in any judicial district." (citing *In re HTC Corp.*)); Dkt. 424 (R&R of Payne, J.) at 4 n.1 (same, as to Daimler AG).

***Second***, the foreign Defendants also *did not* contest venue. -054, Dkt. 138 (VWoA only),

---

[5] and remand statutes); *Woodard v. Mobil Corp. Emp. Severance Plan*, No. H-02-4970, 2005 WL 6439537, at *1-2 (S.D. Tex. Apr. 11, 2005) (granting reconsideration of order based on incorrect reading of federal statute).
[5] *Montwood Property, Ltd. v. Residential Funding Corp.*, No. EP-14-CV-00325, 2016 WL 7616689, at *1-4 (W.D. Tex. June 2, 2016) (granting reconsideration where court failed to consider controlling precedent).
[6] *WesternGeco LLC v. ION Geophys.Corp.*, No. 4:09-cv-1827, 2012 WL 1708852, at *4 (S.D. Tex. May 15, 2012) (granting reconsideration to analyze unaddressed issue of whether indirect infringement claims could proceed against party as a matter of law); *Campinha-Bacote v. Bleidt*, No. H-10-3481, 2011 WL 679913, at *1-2 (S.D. Tex. Feb. 9, 2011) (granting reconsideration where court denied motion to dismiss without addressing one of defendant's bases for dismissal).

Dkt. 213 (BMW NA only); Dkt. 230 (MBUSA only); -172, Dkt. 25 at 1 n.1 ("This motion is brought by BMW NA only."), Dkt. 56 at 11-21 (AMC only). That issue thus was never briefed or otherwise before the Court.[7] Two of the foreign Defendants—Honda Motor Co., Ltd. and Volkswagen AG—never sought to be dismissed for improper venue. The remaining two—Daimler AG and BMW AG—joined the -054 venue motions, but merely argued that the foreign entity had to be dismissed if the domestic entity was dismissed under a misplaced standard from a case addressing *transfer* of venue under § 1404(a)—not venue under § 1391(c) or § 1400(b). Dkt. 213 at 8-9; Dkt. 230 at 1; *see* Dkt. 415 (R&R on Dkt. 213) at 4 ("[T]he only issue before the Court is whether venue is proper as to *BMW NA*." (emphasis added)); Dkt. 424 (R&R on Dkt. 230) at 4 ("[T]he only issue before the Court is whether venue is proper as to [*MBUSA*]." (emphasis added)).

Specifically, BMW cited *AGIS Software Development, LLC v. ZTE Corporation*—which in turn relied on *Magnacoustics, Inc. v. Resonance Tech. Co.*—for the assertion that when venue is improper as to one defendant, venue cannot stand "as to all defendants." No. 2:17-cv-00517-JRG, 2018 WL 4854023, at *3 (E.D. Tex. Sept. 18, 2018) (quoting *Magnacoustics, Inc. v. Resonance Tech. Co.*, 1997 WL 592863, at *1 (Fed. Cir. 1997)). But *Magnacoustics* held that *transfer under § 1404(a)* is improper when venue would not be proper *in the transferee district* as to all defendants. 1997 WL 592863, at *2. Indeed, *Magnacoustics*' cited support for the assertion that venue must be proper "as to all defendants" was a section from Moore's Federal Practice titled "*Transferee Court* Must be District or Division in Which Action 'Might Have Been Brought' or to Which All Parties Have Consented." *Magnacoustics*, 1997 WL 592863, at *2 (citing "Vol. 17

---

[7] Although cases in this district recognize a court's authority to sua sponte *transfer* venue under § 1404(a) or § 1406(a), they do not support sua sponte *dismissal* for improper venue without first providing an opportunity to be heard. *E.g.*, *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989); *Empty Barge Lines II, Inc. v. DREDGE LEONARD FISHER*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006).

Moore's Federal Practice 3d § 111.12[4][b], p. 111-64"). Thus, to the extent that *AGIS* cited *Magnacoustics* for any broader proposition, it erred in doing so. *AGIS*, 2018 WL 4854023, at *3 (asserting based on *Magnacoustics* that "in order for a district to be one in which an action *may be* brought"—*i.e.*, the standard for *transfer* of venue—"both venue and jurisdiction must be proper there, as to all defendants" (emphasis added and internal quotations omitted)).

In short, the purported lack of venue as to the domestic Defendants under § 1400(b) did not defeat venue as to the foreign Defendants under § 1391(c)(3). To the contrary, a district court has "wide discretion" to retain a case when "venue is proper for some defendants but improper for others." 14D Fed. Prac. & Proc. Juris. § 3827 (Wright & Miller) (4th ed.) (noting that a court may "retain the case as to those defendants who have been properly sued there and sever and transfer the portion of the case for those defendants for who venue is improper" or simply "dismiss the action as to those defendants"); *see also* 7 Fed. Prac. & Proc. Civ. § 1689 (Wright & Miller) (3d ed.) ("Severance under Rule 21 also occasionally is appropriate in actions in which venue is improper as to some but not all defendants. If the claims are separable, the court may cure the venue defect by severing the claims against those parties who raise valid venue defenses").

And the case law bears this out. *E.g.*, -054, Dkt. 467 (severing non-venue-moving Defendants and allowing remaining claims to proceed); *Funimation Entmt. v. Does 1-1,427*, No. 2:11-cv-00269-JRG, 2013 WL 5200453, at *5 (E.D. Tex. Sept. 16, 2013) (granting motion to dismiss one defendant for improper venue without dismissing the rest of the defendants); *Kilgore v. FedEx Packaging Sys., Inc.*, No. H-11-0060, 2011 WL 5563427, at *1-2 (S.D. Tex. Nov. 15, 2011) (noting that case could proceed as to defendant with proper venue once defendant without proper venue was dismissed); *DeJohn v. The .TV Corp. Intern.*, 245 F. Supp. 2d 913, 921-922 (N.D. Ill. 2003) (considering remaining claims after dismissing others for improper venue because

"the court can readily address the merits of [those claims] and has already familiarized itself with them" and "it will further judicial efficiency for this court to resolve those claims now instead of transferring this entire matter").[8]

The only other argument that conceivably concerned the propriety of maintaining suit as to the foreign Defendants was BMW AG's Rule 19 indispensability argument in the -172 Action—articulated for the first time in a Joint Status Report filed *after* BMW's motion to dismiss. Dkt. 185 at 11. But that one-sentence argument was not enough to justify dismissal of BMW AG, let alone the other three foreign Defendants who never raised such an argument. *See Kimball v. Fla. Bar*, 537 F.2d 1304, 1307 (5th Cir. 1976) (court cannot consider indispensability without "briefs examining each of the factors enumerated in Rule 19").

In sum, because venue is indisputably proper as to each of the foreign BMW, Honda, Mercedes, and Volkswagen Defendants in "any judicial district," § 1391(c)(3), Arigna respectfully asks the Court to reconsider and vacate its Orders dismissing Arigna's claims against the foreign Defendants. *Woodard*, 2005 WL 6439537, at *1-2. To hold otherwise would be a manifest, "clear error of [federal venue] law" and would unnecessarily waste judicial resources by forcing Arigna to refile in another district. *Montwood Property*, 2016 WL 7616689, at *4.

## IV.   CONCLUSION

For the reasons explained, Arigna requests that the Court reconsider its April 27 and 28, 2022 Orders granting Defendants' motions to dismiss for improper venue and to reinstate Arigna's

---

[8] *See also Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F. Supp. 2d 222, 247-248 (D. Conn. 2001) (dismissing claims against defendant covered by forum selection clause, but retaining claims against all other properly-venued defendants); *PI, Inc. v. Quality Products, Inc.,* 907 F. Supp. 752, 755, 765 (S.D.N.Y. 1995) (dismissing some, but not all, defendants and claims for lack of proper venue and allowing case to proceed as to those remaining); *accord Gonzalez-Camacho v. Banco Popular de Puerto Rico*, 318 F. Supp. 3d 461, 477 (D.P.R. 2018) ("Severance is fitting wherein the venue is improper as to some but not all defendants.").

claims as to the four foreign Defendants—BMW AG, Daimler AG, Honda Motor Co. Ltd., and Volkswagen AG. Venue is indisputably proper as to each of these Defendants under § 1391(c)(3). And their dismissal at this late stage in the case will waste the months of effort and progress that the parties have made in litigating Arigna's claims before this Court, as well as potentially cause Arigna to lose more than a year of damages due to the later statute of limitations that may be held to apply in Arigna's re-filed cases.

Dated: May 18, 2022                               Respectfully submitted,

/s/ Matthew R. Berry
Matthew R. Berry
Rachel S. Black
Andres Healy
John E. Schiltz
Steven M. Seigel
Danielle Nicholson
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Phone: (206) 516-3880
Fax: (206) 516-3883
mberry@susmangodfrey.com
rblack@susmangodfrey.com
ahealy@susmangodfrey.com
jschiltz@susmangodfrey.com
sseigel@susmangodfrey.com
dnicholson@susmangodfrey.com

Meng Xi
Bryce Barcelo
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Phone: (713) 651-9366
Fax: (713) 653-7851
mxi@susmangodfrey.com
bbarcelo@susmangodfrey.com

Oleg Elkhunovich
**SUSMAN GODFREY, L.L.P.**

8

1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100
Fax: (310) 789-3150
oelkhunovich@susmangodfrey.com

*Of Counsel:*

T. John Ward, Jr.
Texas State Bar No. 00794818
Claire Abernathy Henry
Texas State Bar No. 24053063
Charles Everingham IV
Texas State Bar No. 00787447
Andrea L. Fair
Texas State Bar No. 24078488
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Phone: (903) 757-6400
Fax: (903) 757-2323
jw@wsfirm.com
claire@wsfirm.com
ce@wsfirm.com
andrea@wsfirm.com

*Attorneys for Arigna Technology Limited*

9

## CERTIFICATE OF SERVICE

I certify that on May 18, 2022, a copy of the foregoing document was served on the parties to this action by electronically filing true and correct copies with the Clerk of the Court using the ECM/ECF system which automatically sent notification by e-mail of such filing to the counsel of record.

*/s/ Danielle Nicholson*